[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10872
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cr-00119-MHH-GMB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN JAMAL WASHINGTON,
a.k.a. Ryan Washington,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2021)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Ryan Washington appeals his 147-month sentence, arguing that the district court miscalculated his advisory guideline range because it erroneously enhanced his offense level for being a leader or organizer of a drug conspiracy.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Washington was charged with conspiracy to distribute marijuana, conspiracy to launder money, possession of firearm by a felon, possession of marijuana with the intent to distribute, and use of a firearm in furtherance of a drug trafficking crime. He pleaded guilty to all counts.  The presentence report calculated his advisory guideline range using a four-level enhancement under guideline section 3B1.1(a) for being an organizer or leader of the drug conspiracy.

Washington objected to being characterized as "an organizer or leader," but he did not object to the bulk of the offense conduct in the presentence report.  The district court overruled Washington's leader-organizer objection based on the facts he did not object to in the presentence report and the testimony of Special Agent Gabriel Brooks.

Here are the unobjected-to facts and testimony. In January 2019, the government began investigating Steven Gadson for marijuana trafficking.  Gadson was arrested, and while in jail, he called Washington.  In that call, Washington and Gadson "discussed continuing the operation of trafficking marijuana from California to Alabama with Washington kind of leading it off or taking over what Gadson had

2

already put in place." Washington gave Gadson the new phone number for Gadson's marijuana supplier, whom Gadson had introduced to Washington prior to Gadson's arrest. After Washington and Gadson ended their call, Gadson called the supplier with the new number and told the supplier that Washington "would take over" in Gadson's place while he was incarcerated.

As part of this post-arrest reorganization, Washington sent runners to bring the marijuana from California to be resold in Alabama. Once the marijuana was sold, Washington would drop off money with Gadson's girlfriend, who was in charge of the conspiracy's finances.

In March 2019, Washington left Birmingham, went to the area around the Atlanta airport, and then immediately turned around and headed back to Birmingham. When police tried to stop Washington's car, he turned off the lights and fled at over a hundred miles per hour. Washington was eventually taken into custody and his car was searched. Inside Washington's car were eighty-four one-pound vacuum-sealed packages of marijuana, personal belongings, a computer, a couple thousand dollars in cash, and luggage tags for the Birmingham and Atlanta airports that did not have Washington's name on them.

The next morning agents searched Washington's home. They found over $35,000, documents related to recent travel for purposes of marijuana trafficking, marijuana packaging materials, and several firearms—some stolen. Some black and

clear vacuum sealed bags were found empty and in the trash, which the agents believed had "at one time contained marijuana based on the impressions."

The district court sentenced Washington to 147 months' imprisonment. Washington appeals the leader-organizer enhancement.

## STANDARD OF REVIEW

We review for clear error the district court's finding that the defendant played a leadership role in the criminal offense. United States v. Dixon, 901 F.3d 1322, 1347 (11th Cir. 2018). Clear error review is deferential and "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (internal quotation marks omitted).

## DISCUSSION

Washington argues that the district court clearly erred in finding that he was a leader or organizer of the drug conspiracy because he was no more than a courier and did not lead or supervise anyone. We disagree.

The sentencing guidelines call for a four-level increase in the defendant's offense level "[i]f [he] was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). We consider several factors when determining whether the defendant was an organizer or leader:

4

(1) the exercise of decision[-]making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

United States v. Shabazz, 887 F.3d 1204, 1222 (11th Cir. 2018).  But all the factors need not be present.  United States v. Caraballo, 595 F.3d 1214, 1231 (11th Cir. 2010).  And the guidelines "require[] only evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity."  Dixon, 901 F.3d at 1348.  More than one person involved in the activity can qualify as a leader.  Id.

The district court did not clearly err in finding that Washington was an organizer or leader.  Washington spoke with Gadson in February 2019 about taking over the marijuana distribution scheme and gave Gadson the supplier's new phone number.  Gadson told the supplier that Washington would take over.  Together, Gadson and Washington developed a new plan to transport marijuana "via horse trailers on the interstate."  And, as part of the plan, Washington directed runners to go to California and bring back the marijuana to Birmingham so it could be resold.  See United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006) (affirming the district court's leader-organizer finding because "the record reflect[ed] that [the defendant] exercised authority over the organization by recruiting and instructing co-conspirators");  United States v. Baggett, 954 F.2d 674, 678 (11th Cir. 1992)

5

(explaining that the defendant would have received the leader enhancement because he recruited someone to deliver a drug shipment for the conspiracy, but that the conspiracy had fewer than five participants).

Washington argues that there was other evidence in the record that showed he was no more than a courier and Gadson's girlfriend handled the money. But those facts do not contradict that Washington had control, influence, and decision-making authority over others in the conspiracy. See Dixon, 901 F.3d at 1348. And the fact that there is contrary evidence does not mean that the district court's finding that Washington was a leader or organizer was clear error. The district court reviewed the contrary evidence and still found that Washington had control over the other conspirators. See United States v. Cruickshank, 837 F.3d 1182, 1192 (11th Cir. 2016) ("The district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." (internal quotation marks removed) (alteration adopted) (quoting United States v. De Varon, 175 F.3d 930, 945 (11th Cir. 1999) (en banc))).

The unobjected-to facts in the presentence report and the testimony at the sentencing hearing were sufficient evidence to establish that Washington was an organizer or leader in the marijuana trafficking conspiracy. See United States v.

Polar, 369 F.3d 1248, 1255 (11th Cir. 2004) (holding that the sentencing court may base its factual findings "for purposes of sentencing . . . on, among other things, . . . undisputed statements in the [presentence report], or evidence presented during the sentencing hearing.")  The district court did not err in applying the enhancement and, thus, we affirm Washington's sentence.

**AFFIRMED.**